**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHELE KUHN,<br><br>Plaintiff,<br><br>vs.<br><br>MORRIS COMMUNICATIONS COMPANY, LLC<br><br>MCC RADIO, LLC<br><br>MICHAEL W. MERRIAM<br><br>LARRY RIGGINS<br><br>Defendants. | ) | Case No. 06-2502-CM |

## <u>COMPLAINT</u>

Plaintiff complains against Defendants as follows:

## I. THE PARTIES

1. Plaintiff is a citizen of the United States and resident of Topeka, Shawnee County, Kansas.

2. Defendant Morris Communications Company, LLC is a business duly organized to do business within the State of Kansas, is identified by Kansas Corporation ID #2554491; has a place of business situated at or about 1210 SW Executive Drive Topeka, Kansas 66615, in Shawnee County, Kansas; was an employer of Plaintiff at all times relevant herein, and can be served at Corporation Service Company, 200 SW 30th Street, Topeka, Kansas 66611.

3. Defendant MCC Radio, LLC is a business duly organized to do business within the State of Kansas; is identified by Kansas Corporation ID #3230851; is transacting business at a place of business situated at or about 1210 SW Executive Drive, Topeka, Kansas 66615, in Shawnee County, Kansas; and it, and/or a successor it is responsible for, was an employer of Plaintiff at all times relevant herein.

4. Defendant Michael W. Merriam is a Kansas licensed lawyer with an office address of 700 SW Jackson, Roof Garden Suite, Topeka, Kansas 66603.

5. Defendant Larry Riggins is the General Manager of Radio Station WIBW in Topeka, Shawnee County, Kansas located at 1210 SW Executive Drive, Topeka, Kansas 66615.

## II. JURISDICTION AND VENUE

6. The jurisdiction of the Federal Court is invoked because the claims of the Plaintiff arise under the statutes and laws of the United States, namely Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

7. Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claim arose, and where the Defendants are doing business.

8. The Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 because such claims are so related to Plaintiff's federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants Morris Communications, LLC and MCC Radio, LLC and/or their successors or assigns (hereinafter referred to collectively as "Employer Defendants") for approximately three years as a Bridal Fair Coordinator and Advertising Sales Representative.

10. Plaintiff's employment was terminated by Employer Defendants, at the direction of Defendant Riggins, on May 13, 2005.

11. Throughout her employment with Employer Defendants, Plaintiff was subjected to severe, pervasive, and persistent gender and sexual comments and innuendos aimed at Plaintiff and other female employees, innappropriate touchings of Plaintiff and other female employees, by Employer Defendants' employees, including their managers, that created a hostile work environment.

12. Prior to her termination, Plaintiff engaged in protected conduct by making complaints to Employer Defendants' management about the conduct described in the preceding paragraph, objecting to said conduct, and participating in the investigation of said conduct.

13. Following her termination, Employer Defendants, at the direction of Defendants Riggins and Merriam, filed a lawsuit against Plaintiff, and her business partner K2 Promotions and Keith Liesmann, in Shawnee County District Court (Case No. 05-C-750) under numerous legal theories that Employer Defendants, Defendant Riggins, and Defendant Merriam knew, or should have known, had no basis in law or fact.

14. Employer Defendants, Defendant Merriam, and Defendant Riggins knowingly misrepresented facts they knew to be false to the Shawnee County District

Court, to Employer Defendants' employees, and to numerous other third parties to support their unsuccessful claims against Plaintiff and her business partner K2 Promotions, LLC and Keith Liesmann.

15. On July 17, 2006, the Shawnee County District Court granted summary judgment to Plaintiff and her business partner on all claims alleged against them in Case No. 05-C-750.

16. Employer Defendants, Defendant Merriam, and Defendant Riggins knowingly misrepresented to the Shawnee County District Court, to Employer Defendants' employees, and to numerous other third parties that Plaintiff engaged in unethical and illegal conduct during and after her employment with Employer Defendants.

17. Plaintiff has suffered lost wages, lost benefits, loss of her reputation, damages in the form of attorneys' fees, expenses, and business income on account of having to respond to and defend Defenants' actions and claims, and severe emotional distress due to Defendants' actions.

18. Plaintiff believes her sex was a motivating factor in Employer Defendants' decision to terminate her employment.

19. Plaintiff believes the protected activity she engaged in during her employment with Employer Defendants was a motivating factor in Employer Defendants' decision to terminate her employment.

20. Plaintiff believes the protected activity she engaged in during her employment was a motivating factor in Employer Defendants' actions (including, but not

limited to, the failed Shawnee County litigation) taken against Plaintiff after her employment had already been terminated.

21. Plaintiff was issued a Right to Sue Letter by the Equal Employment Opportunity Commission within the 90 days preceding the filing of this action.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC 2000e

22. For her first cause of action, Plaintiff realleges and incorporates the foregoing numbered paragraphs 1-21.

23. Throughout her employment with Employer Defendants, Plaintiff was subjected to severe, pervasive, and persistent gender and sexual comments and innuendos by Employer Defendants' employees, including their managers, that created a hostile work environment.

24. Employer Defendants' treatment of Plaintiff was based, in whole or in part, on the basis of Plaintiff's sex.

25. As a result of Employer Defendants' hostile work environment and unlawful discrimination, Plaintiff is now suffering, and will continue to suffer, irreparable injury, pain and suffering, monetary damages, loss of business reputation, loss of wages, loss of benefits, and damages from emotional distress, personal injuries, physical injuries, attorney's fees and costs, all in an amount yet to be determined.

26. The hostile work environment was created intentionally and with willful disregard for Plaintiff's working conditions or well being.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Issue a declaratory judgment that the acts, policies and procedures of Employer Defendants complained of herein violated and continue to violate the rights of Plaintiff under Title VII, and order injunctive relief to remedy Employer Defendants' illegal acts;

(b) Order Employer Defendants to make Plaintiff whole by providing actual damages, including appropriate back pay, reasonable front pay and compensatory damages for Plaintiff's injuries, all in an amount in excess of $75,000;

(c) Order that Employer Defendants' conduct was malicious, outrageous, and in reckless disregard of federal employment statutes, thereby entitling Plaintiff to punitive damages;

(d) Grant Plaintiff her reasonable attorney's fees and costs; and

(e) Grant such further and additional relief as the Court may deem just and proper.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC 2000e

27. For her second cause of action, Plaintiff realleges and incorporates the foregoing numbered paragraphs 1-26.

28. Employer Defendants' decision to terminate Plaintiff's employment was motivated by Plaintiff's complaints, objections to, and participation in the investigation of, harassing and discriminatory conduct by Employer Defendants' employees, including their managers, gender and sexual comments and innuendos, and the creation of a hostile work environment by Employer Defendants, and their employees, including their managers.

29. Federal law, specifically Title VII, makes such conduct and retaliation unlawful.

30. As a result of Employer Defendants' retaliation, Plaintiff is now suffering, and will continue to suffer, irreparable injury, pain and suffering, monetary damages, loss of business reputation, loss of wages, loss of benefits, and damages from emotional distress, personal injuries, physical injuries, attorney's fees and costs, all in an amount yet to be determined.

31. The retaliation was intentional and with willful disregard for Plaintiff's working conditions or well being.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Issue a declaratory judgment that the acts, policies and procedures of Employer Defendants complained of herein violated and continue to violate the rights of Plaintiff under Title VII, and order injunctive relief to remedy Employer Defendants' illegal acts;

(b) Order Employer Defendants to make Plaintiff whole by providing actual damages, including appropriate back pay, reasonable front pay and compensatory damages for Plaintiff's injuries, all in an amount in excess of $75,000;

(c) Order that Employer Defendants' conduct was malicious, outrageous, and in reckless disregard of federal employment statutes, thereby entitling Plaintiff to punitive damages;

(d) Grant Plaintiff her reasonable attorney's fees and costs; and

(e) Grant such further and additional relief as the Court may deem just and proper.

## VI. **PLAINTIFF'S THIRD CAUSE OF ACTION FOR FRAUD PURSUANT TO KANSAS STATE LAW.**

32. Plaintiff realleges and incorporates the numbered and foregoing Paragraphs 1-31.

33. Employer Defendants, Defendant Merriam, and Defendant Riggins all knew of the business reasons and non-compete issues that caused them to intentionally delay reserving dates and entering into a contract with the Kansas Expo Centre for the 2006 WIBW Bridal Fair.

34. Despite this knowledge, and the knowledge that Plaintiff had no authority to reserve dates, to enter into a contract with the Kansas Expo Centre, and that Plaintiff's employment was going to be terminated and that information about the 2006 Bridal Fair was purposely withheld from Plaintiff, Employer Defendants, Defendant Riggins, and Defendant Merriam represented to the Shawnee County District Court, to Employer Defendants' employees, and to numerous third parties, that Plaintiff intentionally, unethically, and illegally delayed reserving the dates or entering into a contract with the Expo Centre for the self-dealing purpose of her reserving the dates so that she, and her business partner K2 Promotions, LLC and Keith Liesmann, could secure the dates for their own bridal show after her employment was terminated.

35. During the pendency of the Shawnee County litigation against Plaintiff, Employer Defendants, Defendant Riggins, and Defendant Merriam presented information and statements (supposedly provided by employee Doug Stout) they knew to be false to the Shawnee County District Court, to Employer Defendants' employees, and to

numerous third parties, which information and statements suggested that Plaintiff and her business partner Keith Liesmann stole company property from Employer Defendants.

36. Because of these fraudulent representations, Plaintiff has suffered damages in the form of attorneys' fees and expenses in defending herself, loss of her reputation, loss of business income, lost wages, and severe emotional distress.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Order Employer Defendants, Defendant Riggins, and Defendant Merriam to make Plaintiff whole by providing actual damages (including attorney's fees and expenses incurred), and compensatory damages for Plaintiff's injuries, all in an amount in excess of $75,000;

(b) Order that Defendants' conduct was malicious and outrageous entitling Plaintiff to punitive damages;

(c) Grant such further and additional relief as the Court may deem just and proper.

## VII. <u>PLAINTIFF'S FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION PURSUANT TO KANSAS STATE LAW</u>.

37. Plaintiff realleges and incorporates the numbered and foregoing Paragraphs 1-36.

38. Employer Defendants, Defendant Merriam, and Defendant Riggins knew, or should have known, the claims brought against Plaintiff in Case No. 05-C-750 in Shawnee County District Court were without any basis in law or fact.

39. Case No. 05-C-750 was initiated and continued out of malice and for a purpose completely unrelated to any good faith belief by any of the Defendants that Plaintiff was liable for or committed the wrongs alleged in said suit.

40. Because of Defendants' malicious prosecution, Plaintiff has suffered damages in the form of attorneys' fees and expenses in defending herself, loss of her reputation, loss of business income, lost wages, and severe emotional distress.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Order Employer Defendants, Defendant Riggins, and Defendant Merriam to make Plaintiff whole by providing actual damages (including attorney's fees and expenses incurred), and compensatory damages for Plaintiff's injuries, all in an amount in excess of $75,000;

(b) Order that Defendants' conduct was malicious and outrageous entitling Plaintiff to punitive damages;

(c) Grant such further and additional relief as the Court may deem just and proper.

## VIII. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO KANSAS STATE LAW.

41. Plaintiff realleges and incorporates the numbered and foregoing Paragraphs 1-40.

42. Plaintiff believes the actions of Employer Defendants and Defendant Riggins in terminating Plaintiff's employment, in accusing Plaintiff of unlawful and unethical conduct, and initiating and continuing litigation with no basis in law or fact

were motivated out of malice and were intended to inflict severe emotional distress on Plaintiff.

43. The actions of Employer Defendants and Defendant Riggins did, in fact, cause Plaintiff severe emotional distress.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Order Employer Defendants and Defendant Riggins to make Plaintiff whole by providing actual damages, and compensatory damages for Plaintiff's injuries, all in an amount in excess of $75,000;

(b) Order that Employer Defendants' and Defendant Riggins' conduct was malicious and outrageous entitling Plaintiff to punitive damages;

(c) Grant such further and additional relief as the Court may deem just and proper.

## IX. DEMAND FOR JURY TRIAL.

Plaintiff hereby requests a jury trial on all of the foregoing causes of action.

## X. DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully submitted:

By: s/ Patrick G. Reavey .

Patrick G. Reavey, KS #17291
REAVEY LAW LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: 816-474-6300
Fax: 816-474-6302

ATTORNEY FOR PLAINTIFF